### HOGAN *v.* DETROIT UNITED RAILWAY.

1. RAILROADS—EQUIPMENT—SALES—CONTRACTS—PASSING TITLE.
    Where an electric railroad in process of construction sold to another "all the property, rights, and assets" of the seller, the buyer succeeded to the seller's right to have certain machinery, for which the seller had contracted, installed, and to acquire title to it as the result of such installation.

2. SAME—GOOD FAITH—QUESTION FOR JURY.
    Where an electric railroad bought "all the property, rights, and assets" of another in process of construction, whether it did so in good faith, so as to confer upon it title to equipment purchased under a contract of conditional sale, not recorded as required by section 6336, 2 Comp. Laws, *held,* a question for the jury.

Error to Wayne; Murphy, J.  Submitted April 11, 1907. (Docket No. 66.)   Decided April 30, 1907.

Trover by Walter G. Hogan against the Detroit United Railway.   There was judgment for plaintiff on a verdict directed by the court, and defendant brings error.   Reversed.

*Brennan, Donnelly & Van De Mark (Geer, Williams, Martin & Butler,* of counsel), for appellant.

*Bowen, Douglas, Whiting & Murfin,* for appellee.

Carpenter, J.   Plaintiff brings this suit to recover for the conversion of certain electrical apparatus described as three rotary motors (hereafter called "rotaries") which his assignor, the Northern Electrical Manufacturing Company, sold and delivered upon a written contract of sale—reserving title in itself until the purchase price was fully paid—to the Detroit Construction Company. The Detroit Construction Company had a contract to build a suburban railway for the Detroit, Rochester, Romeo & Lake Orion Railway, and it purchased these rotaries for the purpose of using the same in performing that contract. Before the rotaries were installed said Detroit, Rochester, Romeo & Lake Orion Railway sold its railway to the defendant. The rotaries were subsequently installed, but were never entirely paid for; and upon defendant's refusal to surrender them or to pay the unpaid balance, this suit was instituted.

The case has been tried twice. On the first trial it was assumed that defendant had purchased the title of the Detroit Construction Company, and the question was whether it had purchased that title in good faith. Its good faith would defeat plaintiff's right to recover, because the contract of sale was not recorded as required by section 6336, 2 Comp. Laws. The issue was submitted to a jury, and plaintiff recovered a verdict and judgment. That judgment was reversed by this court, and our decision will be found reported in 140 Mich. 101.

A second trial was had, and the learned trial judge directed a verdict in plaintiff's favor upon the ground that the evidence failed to show that defendants ever acquired the title of said Detroit Construction Company. The correctness of that decision is the principal question for our determination.

The evidence proves that these rotaries were installed by the Detroit Construction Company under its written contract (made before and in force when defendant purchased the railway) "to construct and equip" the Detroit, Rochester, Romeo & Lake Orion Railway; and that said

Detroit Construction Company has been fully paid for performing this contract.

It is clear that the Detroit Construction Company retained no interest in said rotaries after it had installed them and had been paid for constructing and equipping said railway. Its title then passed either to the Detroit, Rochester, Romeo & Lake Orion Railway or to the defendant. Did that title pass to defendant? That depends upon the proper construction of the contract by which the railway was sold to defendant. The Detroit, Rochester, Romeo & Lake Orion Railway "sold to defendant all its property, rights, privileges, and assets" and "all the property, engines, tools, cars, equipment, and material of the Detroit Construction Company used in the construction of said railway and now on said railway or in the vicinity thereof."

Counsel for plaintiff contended, and the learned trial judge, whose carefully prepared opinion is a part of the record, decided, that, inasmuch as the rotaries in question were not described in the language *last* above quoted, they were not transferred to defendant. We think this decision erroneous. The reasoning is unsound, because it fails to give proper force to the language first above quoted by which there was transferred to defendant "all of the property, rights, and assets of the Detroit, Rochester, Romeo & Lake Orion Railway." This transferred to defendant all the rights then possessed by the Detroit, Rochester, Romeo & Lake Orion Railway. One of the rights so transferred was the contract right to have these rotaries installed and to acquire title as the result of said installation. It therefore follows that when the rotaries were installed defendant acquired at the very least all the title of the Detroit Construction Company.

We think that the determining question presented by the record on the second trial as on the first is that of defendant's good faith. Defendant's counsel insist that a verdict should have been directed in its favor upon the ground that the undisputed evidence proves that it ac-

quired this property in good faith. We content ourselves with saying that the testimony is not materially different from what it was when we formerly disposed of the case, and we adhere to the conclusion then expressed. Defendant insists that for other reasons a verdict should have been directed in its favor. As these are based upon the assumption that it purchased the property in good faith, there is no occasion to consider them. For if defendant did purchase said property in good faith, confessedly its title is perfect. The question of good faith was one for the jury to determine.

For the error pointed out, the judgment is reversed, and a new trial granted.

McALVAY, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.